Michael Faillace [MF-8436]

MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------X

ANTONIO BAZAN, *individually and on behalf of others similarly situated,*

*Plaintiff,*

-against-

FRIEND OF A FARMER CORP. (D/B/A FRIEND OF A FARMER), CARRIE MORABITO, TAYLOR MORABITO, WESTON MORABITO, and ROSE MORABITO,

*Defendants.*

------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b) AND RULE 23 CLASS ACTION**
**ECF Case**

Plaintiff Antonio Bazan (“Plaintiff Bazan” or “Mr. Bazan”), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Friend of a Farmer Corp.(d/b/a Friend of a Farmer ), (“Defendant Corporation”), Carrie Morabito, Taylor Morabito, Weston Morabito, and Rose Morabito, (“Individual Defendants”), (collectively, “Defendants”), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Bazan is a former employee of Defendants Friend of a Farmer Corp. (d/b/a Friend of a Farmer), Carrie Morabito, Taylor Morabito, Weston Morabito, and Rose Morabito.

2. Defendants own, operate, or control an American bistro/restaurant, located at 77 Irving Place, New York, NY 10003 under the name “Friend of a Farmer”.

3. Upon information and belief, individual Defendants Carrie Morabito, Taylor Morabito, Weston Morabito, and Rose Morabito, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4. Plaintiff Bazan was an employee of Defendants.

5. Plaintiff Bazan was employed as a bus boy at the restaurant located at 77 Irving Place, New York, NY 10003.

6. Plaintiff Bazan was ostensibly employed as a busboy. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to washing cups and other drinking devices, shining utensils with water and vinegar, taking out the garbage, sorting out and accommodating received deliveries in the second floor and taking the leftover deliveries to the basement, cleaning windows and ceiling fans, sweeping and mopping, carrying down heavy baskets of used plates and utensils from the second floor to the first floor, and cleaning the stairs and the rugs at the entrance of the restaurant (hereafter the "non-tipped duties").

7. At all times relevant to this Complaint, Plaintiff Bazan worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, spread of hours pay and overtime compensation for the hours that he worked.

8. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Bazan appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

9. Further, defendants failed to pay Plaintiff Bazan the required "spread of hours" pay for any day in which he worked over 10 hours per day.

10. Defendants employed and accounted for Plaintiff Bazan as a busboy in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

11. Regardless, at all relevant times, Defendants paid Plaintiff Bazan at a rate that was below the required tip-credit rate.

12. However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Bazan's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day. 12 N.Y. C.R.R. §146.

13. Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Bazan's actual duties in payroll records by designating him as a busboy instead of a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Bazan at the minimum wage rate and enabled them to pay him at the lower tip-credit rate (which they still failed to do).

14. Defendants' conduct extended beyond Plaintiff Bazan to all other similarly situated employees.

15. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Bazan and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

16. Plaintiff Bazan now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein

the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

17. Plaintiff Bazan now brings this action as a class action under Rule 23 and seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Bazan's state law claims under 28 U.S.C. § 1367(a).

19. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an American bistro/restaurant located in this district. Further, Plaintiff Bazan was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

20. Plaintiff Antonio Bazan ("Plaintiff Bazan" or "Mr. Bazan") is an adult individual residing in Bronx County, New York.

21. Plaintiff Bazan was employed by Defendants at Friend of a Farmer from approximately May 6, 2024 until on or about October 12, 2025.

22. Plaintiff Bazan consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

23. At all relevant times, Defendants own, operate, or control an American bistro/restaurant, located at 77 Irving Place, New York, NY 10003 under the name "Friend of a Farmer".

24. Upon information and belief, Friend of a Farmer Corp. (d/b/a Friend of a Farmer) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 77 Irving Place, New York, NY 10003.

25. Defendant Carrie Morabito is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Carrie Morabito is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Carrie Morabito possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Bazan, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26. Defendant Taylor Morabito is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Taylor Morabito is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Taylor Morabito possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Bazan, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27. Defendant Weston Morabito is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Weston Morabito is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Weston Morabito possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Bazan, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

28. Defendant Rose Morabito is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Rose Morabito is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Rose Morabito possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Bazan, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

29. Defendants operate an American bistro/restaurant located in the Gramercy section of Manhattan in New York City.

30. Individual Defendants, Carrie Morabito, Taylor Morabito, Weston Morabito, and Rose Morabito, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

31. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32. Each Defendant possessed substantial control over Plaintiff Bazan's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Bazan, and all similarly situated individuals, referred to herein.

33. Defendants jointly employed Plaintiff Bazan (and all similarly situated employees) and are Plaintiff Bazan's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

34. In the alternative, Defendants constitute a single employer of Plaintiff Bazan and/or similarly situated individuals.

35. Upon information and belief, Individual Defendants Carrie Morabito, Taylor Morabito, Weston Morabito, and Rose Morabito operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

36. At all relevant times, Defendants were Plaintiff Bazan's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Bazan, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Bazan's services.

37. In each year from 2024 to 2025, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

39. Plaintiff Bazan is a former employee of Defendants who was ostensibly employed as a busboy. However, he spent over 20% of each shift performing the non-tipped duties described above.

40. Plaintiff Bazan seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Antonio Bazan*

41. Plaintiff Bazan was employed by Defendants from approximately May 6, 2024, until on or about October 12, 2025.

42. Defendants ostensibly employed Plaintiff Bazan as a busboy.

43. However, Plaintiff Bazan was also required to spend a significant portion of his work day performing the non-tipped duties described above.

44. Although Plaintiff Bazan ostensibly was employed as a busboy, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

45. Plaintiff Bazan regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

46. Plaintiff Bazan's work duties required neither discretion nor independent judgment.

47. From approximately May 6, 2024, until on or about September 15, 2024, Plaintiff Bazan worked from approximately 9:00 a.m. until on or about 4:00 p.m., Wednesdays, Thursdays and Fridays (typically 21 hours per week).

48. From approximately September 16, 2024, until on or about November 24, 2024, Plaintiff Bazan worked from approximately 9:00 a.m. until on or about 4:00 p.m., Wednesdays through Sundays (typically 35 hours per week).

49. The week of November 25, 2024, until on or about December 1, 2024, Plaintiff Bazan worked 43.87 hours.

50. From approximately December 2, 2024, until on or about December 8, 2024, Plaintiff Bazan worked approximately 38.26 hours.

51. From approximately December 9, 2024, until on or about December 29, 2024, Plaintiff Brazan worked approximately 44.8 hours per week.

52. From approximately January 2025, until on or about March 2025, Plaintiff Brazan worked from approximately 9:00 a.m. until on or about 4:00 p.m., Wednesdays through Sundays (typically 34.7 hours a week)

53. From approximately March 2025, until on or about October 2025, Plaintiff Bazan worked from approximately 5:00 p.m. until on or about 11:00 p.m., on Wednesdays, from approximately 9:00 a.m. until on or about 4:00 p.m. on Thursdays, from approximately 9:00 a.m. until on or about 11:30 p.m. on Fridays, from approximately 5:00 p.m. until on or about 11:30 p.m. on Saturdays and from approximately 9:00 a.m. until on or about 4:30 p.m. on Sundays (typically 41.5 hours per week).

54. Throughout his employment, Defendants paid Plaintiff Bazan his wages by check.

55. From approximately May 6, 2024 until on or about January 19, 2025, Defendants paid Plaintiff Bazan $10.65 per hour at a regular rate and $18.65 per hour at an overtime rate.

56. From approximately January 20, 2025, until on or about October 12, 2025, Defendants paid Plaintiff Brazan $11.00 per hour at a regular rate and $19.25 per hour at an overtime rate.

57. Defendants only granted Plaintiff Bazan breaks or meal periods when he worked double shifts.

58. Plaintiff Bazan was never notified by Defendants that his tips were being included as an offset for wages.

59. Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Bazan's wages.

60. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Bazan regarding overtime and wages under the FLSA and NYLL.

61. Defendants did not provide Plaintiff Bazan an accurate statement of wages, as required by NYLL 195(3).

62. Defendants did not give any notice to Plaintiff Bazan, in English and in Spanish (Plaintiff Bazan's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

63. As a result of Defendants' failure to provide Plaintiff Bazan with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

*Defendants' General Employment Practices*

64. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Bazan (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay and overtime compensation as required by federal and state laws.

65. Plaintiff Bazan was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

66. Defendants' pay practices resulted in Plaintiff Bazan not receiving payment for all his hours worked, and resulting in Plaintiff Bazan's effective rate of pay falling below the required minimum wage rate.

67. Defendants habitually required Plaintiff Bazan to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

68. Defendants required Plaintiff Bazan and all busboys to perform general non-tipped tasks in addition to their primary duties as busboys.

69. Plaintiff Bazan and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-tipped duties.

70. Plaintiff Bazan and all other tipped workers were paid at a rate that was lower than the required lower tip-credit rate by Defendants.

71. However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Bazan's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

72. New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

73. Plaintiff Bazan's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

74. In violation of federal and state law as codified above, Defendants classified Plaintiff Bazan and other tipped workers as tipped employees, and paid them at a rate that was lower than the required tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

75. Defendants failed to inform Plaintiff Bazan who received tips that Defendants intended to take a deduction against Plaintiff Bazan's earned wages for tip income, as required by the NYLL before any deduction may be taken.

76. Defendants failed to inform Plaintiff Bazan who received tips, that his tips were being credited towards the payment of the minimum wage.

77. Defendants failed to maintain a record of tips earned by Plaintiff Bazan who worked as a busboy for the tips he received.

78. Plaintiff Bazan was paid his wages by check.

79. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

80. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Bazan (and similarly situated individuals) worked, and to avoid paying Plaintiff Bazan properly for his full hours worked.

81. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

82. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Bazan and other similarly situated former workers.

83. Defendants failed to provide Plaintiff Bazan and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

84. Defendants failed to provide Plaintiff Bazan and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

85. As a result of Defendants' failure to provide Plaintiff Bazan and other employees a Notice of Pay Rate or accurate wage statements with each payment of their wages, Plaintiff Bazan and other employees were prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

**FLSA COLLECTIVE ACTION CLAIMS**

86. Plaintiff Bazan brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA and Rule 23 Class Period").

87. At all relevant times, Plaintiff Bazan and other members of the FLSA and Rule 23 Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage,

overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

88. The claims of Plaintiff Bazan stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

89. Plaintiff Bazan sues on his own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

90. Plaintiff Bazan brings his New York Labor Law minimum wage, overtime, spread-of-hours, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiff Bazan, are referred to herein as the "Class."

91. The persons in the class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

92. There are questions of law and fact common to the Class including:

a) What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d) Whether Defendants failed and/or refused to pay Plaintiff Bazan the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

e) Whether Defendants failed and/or refused to pay Plaintiff Bazan's "Spread of Hours" Pay;

f) Whether Defendants improperly deducted "shorts" from the Plaintiff Bazan's wages;

g) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

h) What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

93. The claims of the representative parties are typical of the claims of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiff were and are typical of those of class members.

94. The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

95. The common questions of law and fact predominate over questions affecting only individual members.

96. A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiff Bazan lacks the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

97. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

98. Plaintiff Bazan repeats and realleges all paragraphs above as though fully set forth herein.

99. At all times relevant to this action, Defendants were Plaintiff Bazan's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Bazan (and the FLSA and Rule 23 Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

100. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

101. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

102. Defendants failed to pay Plaintiff Bazan (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

103. Defendants' failure to pay Plaintiff Bazan (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

104. Plaintiff Bazan (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

105. Plaintiff Bazan repeats and realleges all paragraphs above as though fully set forth herein.

106. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Bazan (and the FLSA and Rule 23 Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

107. Defendants' failure to pay Plaintiff Bazan (and the FLSA and Rule 23 Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

108. Plaintiff Bazan (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE NEW YORK MINIMUM WAGE ACT**

109. Plaintiff Bazan repeats and realleges all paragraphs above as though fully set forth herein.

110. At all times relevant to this action, Defendants were Plaintiff Bazan's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Bazan, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

111. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Bazan (and the FLSA and Rule 23 class members) less than the minimum wage.

112. Defendants' failure to pay Plaintiff Bazan (and the FLSA and Rule 23 class members) the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

113. Plaintiff Bazan (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

114. Plaintiff Bazan repeats and realleges all paragraphs above as though fully set forth herein.

115. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Bazan (and the FLSA and Rule 23 class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

116. Defendants' failure to pay Plaintiff Bazan (and the FLSA and Rule 23 class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

117. Plaintiff Bazan (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**

**OF THE NEW YORK COMMISSIONER OF LABOR**

118. Plaintiff Bazan repeats and re-alleges all paragraphs above as though fully set forth

herein.

119. Defendants failed to pay Plaintiff Bazan (and the FLSA and Rule 23 Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Bazan's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*., and 650 *et seq*., and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

120. Defendants' failure to pay Plaintiff Bazan (and the FLSA and Rule 23 Class members) an additional hour's pay for each day Plaintiff Bazan's (and the FLSA and Rule 23 Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

121. Plaintiff Bazan (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## <u>SIXTH CAUSE OF ACTION</u>

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

122. Plaintiff Bazan repeats and realleges all paragraphs above as though fully set forth herein.

123. Defendants failed to provide Plaintiff Bazan (and the FLSA and Rule 23 class members) with a written notice, in English and in Spanish (Plaintiff Bazan's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the

employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

124. As a result of Defendants' failure to furnish an accurate wage notice to Plaintiff Bazan(and the FLSA and Rule 23 class members), Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

125. Defendants are liable to Plaintiff Bazan (and the FLSA and Rule 23 class members) in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

126. Plaintiff Bazan repeats and realleges all paragraphs above as though fully set forth herein.

127. With each payment of wages, Defendants failed to provide Plaintiff Bazan (and the FLSA and Rule 23 class members) with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

128. As a result of Defendants' failure to furnish accurate statements to Plaintiff Bazan(and the FLSA and Rule 23 class members), Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

129. Defendants are liable to Plaintiff Bazan (and the FLSA and Rule 23 class members) in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bazan respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Bazan and the FLSA and Rule 23 Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Bazan and the FLSA and Rule 23 Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Bazan's and the FLSA and Rule 23 Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Bazan and the FLSA and Rule 23 Class members;

(f) Awarding Plaintiff Bazan and the FLSA and Rule 23 Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff Bazan and the FLSA and Rule 23 Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Bazan (and the FLSA and Rule 23 class members);

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Bazan (and the FLSA and Rule 23 class members);

(j) Declaring that defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Bazan (and the FLSA and Rule 23 class members');

(k) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Bazan's (and the FLSA and Rule 23 class members') compensation, hours, wages and any deductions or credits taken against wages;

(l) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Bazan(and the FLSA and Rule 23 class members);

(m) Awarding Plaintiff Bazan (and the FLSA and Rule 23 class members) damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as spread of hours pay under the NYLL, as applicable

(n) Awarding Plaintiff Bazan (and the FLSA and Rule 23 class members) damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o) Awarding Plaintiff Bazan (and the FLSA and Rule 23 class members) liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay and overtime compensation, shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p) Awarding Plaintiff Bazan and the FLSA and Rule 23 Class members pre-judgment and post-judgment interest as applicable;

(q) Awarding Plaintiff Bazan and the FLSA and Rule 23 Class members the expenses incurred in this action, including costs and attorneys' fees;

(r) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s) All such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Bazan demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
October 28, 2025

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620


October 20, 2025

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: ANTONIO BAZAN BAZAN_

Legal Representative / Abogado: Michael Faillace & Associates P.C.

Signature / Firma: ____________________

Date / Fecha: Oct 20, 2025 ____________________